

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

MAY **16** 2016

Phil Lombardi, Clerk
U.S. DISTRICT COURT

(1)   LANCE W. HIGHTOWER and
(2)   SUE I. HIGHTOWER,

Plaintiffs,

v.

(1)   USAA CASUALTY INSURANCE
CO. and
(2)   THOMAS A. FULTON, Independent
Appraiser,

Defendants.

**16 CV - 274 JED - FHM**
Case No. _____

*Removed from the District Court of
Tulsa County, State of Oklahoma,
Case No. CJ-2016-01412*

## NOTICE OF REMOVAL

Defendant USAA Casualty Insurance Company ("USAA CIC"), pursuant to 28 U.S.C.

§§ 1332, 1441, and 1446, removes the above-captioned action pending in the District Court of

Tulsa County, State of Oklahoma, to the United States District Court for the Northern District of

Oklahoma. The grounds for removal are as follows:

1.     Plaintiffs commenced this action entitled *Lance W. Hightower and Sue I.*

*Hightower v. USAA Casualty Insurance Co. and Thomas A. Fulton, Independent Appraiser*, CJ-

2016-1412 (the "Action"), by filing a Petition with the District Court of Tulsa County, State of

Oklahoma, on April 12, 2016. *See* Ex. 1, Pet. An Amended Petition [hereinafter, the "Amended

Complaint"] was filed by Plaintiffs on April 25, 2016. *See* Ex. 2, Am. Compl.

2.     The Amended Complaint purports to state claims against USAA CIC for bad faith

(Count I), breach of contract (Count II), and intentional infliction of emotional distress (Count

III), and a claim against Defendant Thomas Fulton for negligence (Count IV).

3.     The original Petition in the Action is attached as Exhibit 1. The Amended

Complaint is attached as Exhibit 2. The Summons served on USAA CIC is attached as Exhibit

3.  The Summons served on Fulton is attached as Exhibit 4.  A copy of the Docket Sheet, Tulsa County, Case No. CJ-2016-1412, is attached as Exhibit 5.  USAA CIC is unaware of the existence of any process, pleadings, or orders other than the documents included in Exhibits 1-4. Moreover, there are no motions pending before the Tulsa County District Court in this matter, nor are any hearings currently set.

4.  As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because USAA CIC has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

## I.   USAA CIC has satisfied the procedural requirements for removal.

5.  Plaintiffs served the Amended Complaint and Summons on USAA CIC by certified mail on April 29, 2016.  *See* Ex. 3, USAA CIC Summons.

6.  Plaintiffs served the Amended Complaint and Summons on Fulton by certified mail on April 29, 2016.  *See* Ex. 4, Fulton Summons.

7.  Because this Notice of Removal is being filed within 30 days of service of the Amended Complaint and Summons on both USAA CIC and Fulton, it is timely under 28 U.S.C. § 1446(b).

8.  Fulton's consent is not required for removal of this action because he is not properly joined.  *See* 28 § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants *who have been properly joined* and served must join in or consent to the removal of the action." (emphasis added)); *Jernigan v. Ashland Oil Inc.* 989 F.2d 812, 815 (5th Cir. 1993) (per curiam).

2

9.      Under 28 U.S.C. § 1446(a), the United States District Court for the Northern District of Oklahoma is the appropriate court for filing this Notice of Removal from the District Court of Tulsa County, Oklahoma, where the Action is pending. *See* 28 U.S.C. § 116(a).

10.      Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1391(b).

**II.      Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332.**

11.      This Court has original jurisdiction over the Action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (A) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (B) between citizens of different states.  Thus, the Action may be removed to this Court by the USAA CIC pursuant to 28 U.S.C. § 1441(a).

**A.      The amount in controversy requirement is satisfied.**

12.      It is apparent from the face of the Amended Complaint that Plaintiffs seek recovery of an amount in excess of $75,000, exclusive of interest and costs. *See* Ex. 2, Am. Compl., WHEREFORE clause at p. 6 ("Plaintiffs respectfully pray the Court grant judgment in favor of Plaintiffs and against Defendant[s] for the causes of action alleged herein in an amount in excess of $75,000, exemplary and punitive damages, attorney's fees, costs, pre and post judgment interest, and for such further relief as the Court deems just and proper.").

13.      The assertions regarding damages in the Amended Complaint are sufficient to demonstrate that the amount in controversy requirement for diversity jurisdiction has been met. *See* 28 U.S.C. § 1446(c)(2).

14.      In addition, the contract at issue in this lawsuit—Plaintiffs' homeowners' insurance policy issued by USAA CIC, Policy No. CIC 01129 9995 93A—has a dwelling

coverage (Coverage A) with a limit of $199,000, exceeding the amount-in-controversy requirement for diversity jurisdiction. *See* Ex. 6, Homeowners Policy Packet, at 3.

**B.** **Complete diversity of citizenship exists between Plaintiffs and USAA CIC—the only properly joined defendant.**

15.     Plaintiffs Lance Hightower and Sue Hightower allege they are residents of Oklahoma. *See* Ex. 2, Am. Compl. ¶¶ 1-2. Residence, while not equivalent to citizenship, is prima facie evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Domicile is equivalent to citizenship for purposes of diversity jurisdiction. *See Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006). Based on the foregoing and upon information and belief, Plaintiffs Lance Hightower and Sue Hightower are citizens of Oklahoma.

16.     USAA CIC is Plaintiffs' homeowners' insurance company. *See* Ex. 6, Homeowners Policy Packet, at 3 (showing "USAA CASUALTY INSURANCE COMPANY" at the top of the page). USAA CIC is an insurance company organized under the laws of the State of Texas. *See* Ex. 7, Dishman Decl. ¶ 3; *see also* Ex. 2, Am. Compl. ¶ 5. Its principal place of business—that is, where it directs, controls, and coordinates its activities—is located in Texas. *See* Ex. 6, Homeowners Policy Packet, at 3 (indicating an address of "9800 Fredericksburg Road – San Antonio, Texas 78288"); Ex. 7, Dishman Decl. ¶ 3; Ex. 8 NAIC Consumer Information Source Search Results (showing "Home Office: TX");[1] *see also* Ex. 2, Am. Compl. ¶ 5. For purposes of diversity jurisdiction, USAA CIC is therefore a citizen of Texas. *See* 28 U.S.C. § 1332(c)(1).

---

[1] "Diversity of citizenship can be demonstrated by resort to evidence outside the four corners of the complaint." *Smith v. Hillstone Rest. Grp., Inc.*, No. 13-80217-CIV, 2013 WL 2048188, at *2 n.3 (S.D. Fla. May 14, 2013); *see also id.* at *1 n.2 ("The Court may look beyond [the plaintiff]'s complaint to determine whether the parties are diverse.").

**C.     Fulton's citizenship should be disregarded for purposes of determining diversity jurisdiction because he is fraudulently joined.**

17.     The Court should consider only the citizenship of properly joined defendants in determining whether diversity of citizenship requirements have been met. *See Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) ("[U]pon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.  The joinder of a resident defendant against whom no cause of action is stated is patent sham . . . ." (internal quotations and citations omitted)); *see also Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82 (10th Cir. 1964) (same).  "A defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'" *Estes v. Airco Serv., Inc.*, No. 11-CV-776-GKF-FHM, 2012 WL 1899839, at *1 (N.D. Okla. May 24, 2012) (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

18.     Joinder is fraudulent where "(1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant." *Dollison v. Am. Nat'l Ins. Co.*, No. 13-CV-100-CVE-FHM, 2013 WL 1944891, at *3 (N.D. Okla. May 9, 2013) (citing *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006)).  In this case, Fulton has been fraudulently joined because Plaintiffs have no possibility of recovery against him.  Said differently, "there is no reasonable basis for the district court to predict that the plaintiff[s] might be able to recover against [the] in-state defendant," Fulton, on the single cause of action asserted against him. *Wagoner v. Hussey Seating Co.*, No. 13-CV-352-TCK-PJC, 2013 WL 6048853, at *2 (N.D. Okla. Nov. 14, 2013) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).

19.     The only claim made against Fulton is Plaintiffs' claim of negligence.  However, no such claim is allowed against Fulton under Oklahoma law.

20.     Federal courts within the Tenth Circuit do not expand state law when determining whether a defendant is fraudulently joined and whether there is a reasonable basis for a state law claim against a local defendant.  Thus, "[w]hen an issue of fraudulent joinder of a nondiverse defendant is raised, the Court must determine whether a cause of action is stated against the nondiverse defendant as provided by state law." *Wiley v. Safeway Stores, Inc.*, 400 F. Supp. 653, 655 (N.D. Okla. 1975) (citations omitted).

21.     Here, the Oklahoma Supreme Court has expressly rejected the type of claim asserted by Plaintiffs—alleged negligence by an independent insurance adjuster.[2]  In *Trinity Baptist Church v. Brotherhood Mutual Insurance Services, LLC*, the Oklahoma Supreme Court addressed "whether an independent insurance adjuster owes a legal duty to the insured such that [he] may be liable to the insured for negligence in its adjustment of the claim." 2014 OK 106, ¶ 1, 341 P.3d 75, 77.  The answer, in accord with the majority of jurisdictions who have addressed the same question, was "no." *Id.* ¶ 1, 26 341 P.3d at 77, 84-85.  Instead, to the extent an independent adjuster hired by an insurer breached a duty owed to an insured, liability for the breach fell to the insurer, not the adjuster. *See id.* ¶ 30, 341 P.3d at 86.  For this reason, as well as several policy reasons detailed by the Oklahoma Supreme Court, a negligence claim against an independent adjuster arising from his work as an independent insurance adjuster simply does

---

[2] Plaintiffs' Amended Complaint refers to Fulton as an "independent appraiser," rather than an "independent adjuster." *See, e.g.*, Ex. 2, Am. Compl. ¶¶ 4, 32. However, this distinction is one without a difference.  First, Fulton actually is a licensed insurance adjuster, not an appraiser.  Second, the services Plaintiffs allege Fulton provided—"evaluation services for homeowner damage claims," "inspect[ion] . . . [of] Plaintiff's home after the reported roof damage," and a determination "that the roof damage to Plaintiffs' home . . . was somehow a result of a pre-existing condition to the home"—are activities performed by independent insurance adjusters. *Id.* ¶¶ 32-33, 36.

not exist under Oklahoma law. *See id.* ¶ 31, 341 P.3d at 86; *see also Wallace v. Allstate Ins. Co.*, No. CIV-12-310-HE, 2012 WL 2060664 (W.D. Okla. June 7, 2012) (determining, pre-*Trinity Baptist*, than an independent insurance adjuster retained by an insurer would not owe any duties to an insured under Oklahoma law); *cf. Smith v. Allstate Vehicle & Prop. Ins. Co.*, No. CIV-14-18-HE, 2014 WL 1382488, at *3-4 (W.D. Okla. Apr. 8, 2014) (finding joinder fraudulent when negligent misrepresentation/constructive fraud and breach of fiduciary duty claims were made against an insurance agent).

22.     *Trinity Baptist* is dispositive as to whether Plaintiffs have a viable negligence claim against Fulton. Based on the above authorities and the allegations in the Amended Complaint, Plaintiffs have no possibility of recovery against Fulton. Fulton—an insurance adjuster who is not party to the insurance contract and is without any duty owed to the insured—cannot be held liable in negligence to Plaintiffs.

23.     By including Fulton in the Amended Complaint, Plaintiffs are attempting to rely on a claim that does not exist as a matter of law in order to remain in state court by bypassing 28 U.S.C. § 1441. USAA CIC and Fulton therefore assert that this removal is proper based on fraudulent joinder principles.

24.     Thus, there is complete diversity between (A) Plaintiffs, as citizens of Oklahoma, and (B) USAA CIC, which is the only properly joined defendant and is a citizen of Texas.

25.     USAA CIC reserves the right to amend or supplement this Notice of Removal.

26.     USAA CIC reserves all defenses, including, without limitation, those set forth in Federal Rule of Civil Procedure 12(b). USAA CIC will, pursuant to Rule 81(c)(2), file its answer and/or Rule 12(b) motion within seven days of the filing of this Notice of Removal.

27.     Written notice of the filing of this Notice of Removal will be given to Plaintiffs and the state court promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, USAA CIC removes this Action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and invokes this Court's jurisdiction.

Respectfully submitted,

*s/ Jodi W. Dishman*
Jodi W. Dishman, OBA # 20677
Andrew J. Morris, OBA # 31658
MCAFEE & TAFT
A PROFESSIONAL CORPORATION
211 North Robinson, 10th Floor
Oklahoma City, OK 73102
Telephone:        (405) 235-9621
Facsimile:        (405) 235-0439
E-mail:     jodi.dishman@mcafeetaft.com
            andrew.morris@mcafeetaft.com

**Attorneys for Defendants USAA Casualty**
**Insurance Company and Thomas Fulton**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of May, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registrants:

> Raymond S. Allred
> Mbilike M. Mwafulirwa
> RICHARDSON RICHARDSON BOUDREAUX
> 7447 S. Lewis Ave.
> Tulsa, OK 74136

> *Attorneys for Plaintiffs*

I further certify that on this 16th day of May, 2016, I caused a file-stamped copy of the above and foregoing document to be transmitted by certified U.S. mail, postage prepaid, to the above-indicated counsel for Plaintiffs.

> *s/ Jodi W. Dishman*
> Jodi W. Dishman

9



IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT**

**F I L E D**

LANCE W. HIGHTOWER,          )
SUE I. HIGHTOWER,            )                    APR 1 2 2016
                             )
          Plaintiffs,        )              SALLY HOWE SMITH, COURT CLERK
                             )              STATE OF OKLA. TULSA COUNTY
v.                           )
                             )      **CJ-2016-01412**
USAA CASUALTY INSURANCE CO.; )
AND THOMAS A. FULTON,        )
Independent Appraiser,       )                  *Attorney Lien Claimed*
                             )                  *Jury Trial Demanded*
          Defendants.        )


                                            JEFFERSON D. SELLERS


## PETITION

COME NOW Plaintiffs Lance W. Hightower and Sue I. Hightower, (collectively

"Plaintiffs"), by and through their counsel of record Richardson Richardson Boudreaux, and

hereby assert their claims and causes of action against Defendants, USAA Casualty

Insurance Co., and Thomas A. Fulton, (collectively "Defendants."). In furtherance thereof,

Plaintiffs inform the Court as follows:

### I. Parties, Venue, and Jurisdiction

1.   Plaintiff Lance W. Hightower is a resident of Tulsa County, Tulsa, Oklahoma.

2.   Plaintiff Sue I. Hightower is a resident of Tulsa County, Tulsa, Oklahoma.

3.   Plaintiffs Lance W. Hightower and Sue I. Hightower are husband and wife,

and for all intents and purposes, are and/or were primary policyholders with Defendant.

**Exhibit 1**

4.      Based on information and belief, Defendant Thomas A. Fulton is an Oklahoma citizen and independent appraiser who conducts business in Tulsa County. He appraised Plaintiffs' home on behalf of USAA Insurance Co., Inc.

5.      Based upon information and belief, USAA Insurance Co., Inc., ("USAA") is a property and casualty insurance company organized under the laws of the State of Texas.

6.      Based upon information and belief, USAA offers, sells, and provides insurance related services and products in the State of Oklahoma.

7.      Subject matter jurisdiction is proper in the district courts of the State of Oklahoma pursuant to Okla. Const. art. 7, §7 (granting district courts of this state unlimited general jurisdiction over all matters sounding either in law or equity) and Okla. Stat. tit. 12, §2004(F) (authorizing courts of this state to exercise jurisdiction on any basis consistent with the Constitutions of the United States and Oklahoma). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

8.      Personal jurisdiction is not in question for the Oklahoma based Defendant. For the out of state insurance company Defendant, personal jurisdiction is proper pursuant to the State of Oklahoma's long arm statute—Okla. Stat. tit. 12, §2004(F)—authorizing courts of this state to exercise jurisdiction on any basis consistent with the Constitutions of the United States and Oklahoma. Defendant Farmers by itself and/or through its agents systematically offer, sale, and provide insurance related services in the State of Oklahoma.

9.      Venue is proper in Tulsa County pursuant to Okla. Stat. tit. 12, §187 as that provision provides that in cases where all of the defendants, like here, are non-residents of the State of Oklahoma, then the county in which one or more Oklahoma Plaintiffs reside – here Tulsa County–is where the action properly lies.

## II. STATEMENT OF THE FACTS

10.     Plaintiff incorporates all the preceding paragraphs as though stated *verbatim* below.

11.     Plaintiffs had insured their home in Tulsa, Tulsa County, Oklahoma with Defendant and had a homeowner's insurance policy underwritten by Defendants.

12.     On or about October, 2015, Plaintiffs' home suffered wind and subsequent roof damage.

13.     Plaintiffs promptly presented their claim to Defendant, USAA, for processing.

14.     Defendant acknowledged receipt of the claim. However, since the date of loss in October, 2015 to present and continuing, Defendant has unreasonably, and in bad faith, refused to pay the proper amount for a valid claim under an insurance policy issued by it.

15.     As a result of Defendants' conduct, Plaintiffs have suffered damages as alleged herein.

### CAUSE (S) OF ACTION

### I. BAD FAITH
### (Against USAA)

16.     Plaintiffs hereby incorporate all the preceding paragraphs as though stated *verbatim* below.

17.     Pursuant to the terms of the insurance policy at issue in this case, Defendant was required to pay Plaintiffs' claim.

18.     The insurer's failure to pay and/or refusal to pay was unreasonable under the circumstances of this case because, among other reasons, Defendant unreasonably delayed in investigating and processing the claim, without just cause, unduly and unreasonably failed to settle and pay in full a valid claim under the policy.

19.     Defendant's failure to pay and/or refusal to pay had no reasonable basis and/or the amount offered to Plaintiffs was unreasonably low.

20.     Defendant did not deal fairly and in good faith with Plaintiffs.

21.     Defendant's violation of its duty of good faith and fair dealing was the direct and proximate cause of the injury sustained.

## II. BREACH OF CONTRACT
### (Against USAA)

22.     Plaintiffs hereby incorporate all the preceding paragraphs, *supra*, as though stated *verbatim* below.

23.     Plaintiffs and Defendant had a contract of home insurance, whereby upon Plaintiffs timely presentment of validly covered claims, Defendant would within reasonable time investigate and pay the claims in full.

24.     Defendant has, however, breached its contract with Plaintiffs in that even after being timely presented with validly covered claims, Defendant has failed within reasonable time to investigate and pay the claims in full.

25.     Plaintiffs have suffered damages as a direct and proximate result of the breach.

## III. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against USAA)

26.     Plaintiffs hereby incorporate all the preceding paragraphs, *supra*, as though stated *verbatim* below.

27.     Defendant's conduct, as outlined herein, was so extreme and outrageous as to go beyond all possible bounds of decency and would be considered utterly intolerable in a civilized society.

28.     Defendant intentionally and/or recklessly caused severe emotional distress to Plaintiff beyond which a reasonable person could be expected to endure.

29.     Alternatively, as the natural and probable consequence of Defendant USAA committing a willful and intentional tortious act—insurance bad faith—Plaintiffs have suffered emotional distress.

30.     Altogether, as a result of Defendant's conduct, Plaintiffs have suffered damage complained of herein.

### IV. NEGLIGENCE
### (Against T. Fulton)

31.     Plaintiffs hereby incorporate all the preceding paragraphs, *supra*, as though stated *verbatim* below.

32.     Based on information and belief, Defendant Fulton at all times relevant to this action was an independent professional that provided property appraisal and evaluation services for homeowner damage claims.

33.     Defendant USAA retained Defendant Fulton to inspect and appraise Plaintiffs' home after the reported roof damage.

34.     Defendant Fulton accepted the assignment and indeed came to Plaintiffs' home to evaluate and appraise the damage.

35.     By accepting to carry out the evaluative assignment on Plaintiffs' home that would be used, among other things, to determine the nature, extent, and cause of damage to Plaintiffs' home, Defendant Fulton voluntarily assumed a duty of care to Plaintiffs.

36.     In performing his professional duty, Fulton was negligent in that he departed from the professionally expected standards of care when he deliberately falsified his final

findings to report that the roof damage to Plaintiffs' home, although clearly caused by the wind, was somehow a result of a pre-existing condition to the home.

37.    In doing so, Defendant Fulton breached his professional duties of care to Plaintiffs.

38.    As a proximate result of Defendant Fulton's breach of duty of care, Plaintiffs have suffered damages as alleged herein.

## EXEMPLARY AND PUNITIVE DAMAGES
### (AS TO CLAIMS IN # I, III, IV)

39.    Plaintiffs hereby incorporate all the preceding paragraphs, *supra*, as though stated *verbatim* below.

40.    The acts and omissions by Defendant as set forth in the preceding paragraphs in this Petition demonstrate that Defendant was engaged in conduct and/or practices evincing malice and/or reckless indifference to Plaintiffs' rights.

41.    As a direct result of Defendant's malice and/or reckless disregard for Plaintiffs' rights, Plaintiffs are entitled to exemplary and punitive damages in an amount to be determined at trial commensurate with the financial resources available to Defendant and sufficient to deter others similarly situated from like behavior.

42.    In accordance with Okla. Stat. tit. 12 §19.1, Plaintiff has consulted with a qualified expert who has submitted an Affidavit, which is attached hereto as Exhibit "A".

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray the Court grant judgment in favor of Plaintiffs and against Defendant for the causes of action alleged herein in an amount in excess of $75,000, exemplary and punitive damages, attorney's fees, costs, pre and post judgment interest, and for such further relief as the Court deems just and proper.

Respectfully submitted,

**RICHARDSON, RICHARDSON,
BOUDREAUX**

Raymond S. Allred, OBA #11747
Mbilike M. Mwafulirwa, OBA #31164
7447 S. Lewis Ave.
Tulsa, Oklahoma 74136
(918) 492-7674 T
(918) 493-192  F
*Attorneys for Plaintiffs*

## AFFIDAVIT OF MARK POLLACK

State of Arkansas     )

                         )ss.

County of Pulaski     )

      1.       I am an insurance adjuster licensed in the State of Oklahoma, My non-resident License Number is 74455.

      2.       I am familiar with the standards of conduct, rules, regulations and laws of an insurance adjuster/appraiser who operate in the state of Oklahoma during 2015.

      3.       I have reviewed records from Sue and Lance Hightower (Hightower), USAA Insurance Company (USAA), ALLCAT Appraisal Service's appraiser/adjuster Thomas Fulton (Fulton), Lawrence Forensic Engineering, and roofing inspection reports from Ronco Construction & Supply Co., Dun-Rite Roofing, Inc., Impact Roofing of Oklahoma, LLC, and 918 Construction.

      4.       In October of 2015, Hightower's residence suffered damages as a result of a windstorm. Hightower submitted a claim to USAA, who in turn retained the services of Fulton to inspect the residence.

      5.       Fulton submitted information to USAA which lead to USAA only partially indemnifying Hightower for the damages caused by the windstorm. The information Fulton provided also lead to a declination of other damages by USAA that should have been paid

      6.       Hightower obtained the opinion of four firms in Oklahoma who are in the business of repairing and replacing roofs, all of whom submitted estimates to replace the entire roof on the Hightower residence.

      7.       Fulton's behavior is not consistent with the degree of skill and care, diligence, prudence and foresight which would reasonably and ordinarily be expected from an experienced insurance professional engaged in the activities as noted above in my opinion.

FURTHER AFFIANT SAYETH NOT.

Mark L. Pollack, CPCU, AIC, RPA, License 74455

Subscribed and sworn to before me this ___6___ day of April, 2016.

                               Notary

My Commission Expires:







**IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA**

DISTRICT COURT
**F I L E D**
APR 2 5 2016
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| LANCE W. HIGHTOWER,<br>SUE I. HIGHTOWER,<br><br>    Plaintiffs,<br><br>v.<br><br>USAA CASUALTY INSURANCE CO.;<br>AND THOMAS A. FULTON,<br>Independent Appraiser,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. CJ-2016-01412
Judge Jefferson D. Sellers

*Attorney Lien Claimed*
*Jury Trial Demanded*

2016 APR 25

## AMENDED PETITION

COME NOW Plaintiffs Lance W. Hightower and Sue I. Hightower, (collectively "Plaintiffs"), by and through their counsel of record Richardson Richardson Boudreaux, and hereby assert their claims and causes of action against Defendants, USAA Casualty Insurance Co., and Thomas A. Fulton, (collectively "Defendants."). In furtherance thereof, Plaintiffs inform the Court as follows:

### I. PARTIES, VENUE, AND JURISDICTION

1.    Plaintiff Lance W. Hightower is a resident of Tulsa County, Tulsa, Oklahoma.

2.    Plaintiff Sue I. Hightower is a resident of Tulsa County, Tulsa, Oklahoma.

3.    Plaintiffs Lance W. Hightower and Sue I. Hightower are husband and wife, and for all intents and purposes, are and/or were primary policyholders with Defendant.

**Exhibit 2**

4.      Based on information and belief, Defendant Thomas A. Fulton is an Oklahoma citizen and independent appraiser who conducts business in Tulsa County. He appraised Plaintiffs' home on behalf of USAA Insurance Co., Inc.

5.      Based upon information and belief, USAA Insurance Co., Inc., ("USAA") is a property and casualty insurance company organized under the laws of the State of Texas.

6.      Based upon information and belief, USAA offers, sells, and provides insurance related services and products in the State of Oklahoma.

7.      Subject matter jurisdiction is proper in the district courts of the State of Oklahoma pursuant to Okla. Const. art. 7, §7 (granting district courts of this state unlimited general jurisdiction over all matters sounding either in law or equity) and Okla. Stat. tit. 12, §2004(F) (authorizing courts of this state to exercise jurisdiction on any basis consistent with the Constitutions of the United States and Oklahoma). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

8.      Personal jurisdiction is not in question for the Oklahoma based Defendant. For the out of state insurance company Defendant, personal jurisdiction is proper pursuant to the State of Oklahoma's long arm statute—Okla. Stat. tit. 12, §2004(F)—authorizing courts of this state to exercise jurisdiction on any basis consistent with the Constitutions of the United States and Oklahoma. Defendant, USAA, by itself and/or through its agents systematically offer, sale, and provide insurance related services in the State of Oklahoma.

9.      Venue is proper in Tulsa County pursuant to Okla. Stat. tit. 12, §187 as that provision provides that in cases where all of the defendants, like here, are non-residents of the State of Oklahoma, then the county in which one or more Oklahoma Plaintiffs reside – here Tulsa County–is where the action properly lies.

## II. Statement of the Facts

10.     Plaintiff incorporates all the preceding paragraphs as though stated *verbatim* below.

11.     Plaintiffs had insured their home in Tulsa, Tulsa County, Oklahoma with Defendant and had a homeowner's insurance policy underwritten by Defendants.

12.     On or about October, 2015, Plaintiffs' home suffered wind and subsequent roof damage.

13.     Plaintiffs promptly presented their claim to Defendant, USAA, for processing.

14.     Defendant acknowledged receipt of the claim. However, since the date of loss in October, 2015 to present and continuing, Defendant has unreasonably, and in bad faith, refused to pay the proper amount for a valid claim under an insurance policy issued by it.

15.     As a result of Defendants' conduct, Plaintiffs have suffered damages as alleged herein.

### Cause (s) of Action

#### I. Bad Faith
#### (Against USAA)

16.     Plaintiffs hereby incorporate all the preceding paragraphs as though stated *verbatim* below.

17.     Pursuant to the terms of the insurance policy at issue in this case, Defendant was required to pay Plaintiffs' claim.

18.     The insurer's failure to pay and/or refusal to pay was unreasonable under the circumstances of this case because, among other reasons, Defendant unreasonably delayed in investigating and processing the claim, without just cause, unduly and unreasonably failed to settle and pay in full a valid claim under the policy.

19.     Defendant's failure to pay and/or refusal to pay had no reasonable basis and/or the amount offered to Plaintiffs was unreasonably low.

20.     Defendant did not deal fairly and in good faith with Plaintiffs.

21.     Defendant's violation of its duty of good faith and fair dealing was the direct and proximate cause of the injury sustained.

## II. BREACH OF CONTRACT
### (Against USAA)

22.     Plaintiffs hereby incorporate all the preceding paragraphs, *supra*, as though stated *verbatim* below.

23.     Plaintiffs and Defendant had a contract of home insurance, whereby upon Plaintiffs timely presentment of validly covered claims, Defendant would within reasonable time investigate and pay the claims in full.

24.     Defendant has, however, breached its contract with Plaintiffs in that even after being timely presented with validly covered claims, Defendant has failed within reasonable time to investigate and pay the claims in full.

25.     Plaintiffs have suffered damages as a direct and proximate result of the breach.

## III. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against USAA)

26.     Plaintiffs hereby incorporate all the preceding paragraphs, *supra*, as though stated *verbatim* below.

27.     Defendant's conduct, as outlined herein, was so extreme and outrageous as to go beyond all possible bounds of decency and would be considered utterly intolerable in a civilized society.

28.     Defendant intentionally and/or recklessly caused severe emotional distress to Plaintiff beyond which a reasonable person could be expected to endure.

29.     Alternatively, as the natural and probable consequence of Defendant USAA committing a willful and intentional tortious act—insurance bad faith—Plaintiffs have suffered emotional distress.

30.     Altogether, as a result of Defendant's conduct, Plaintiffs have suffered damage complained of herein.

## IV. NEGLIGENCE
### (Against T. Fulton)

31.     Plaintiffs hereby incorporate all the preceding paragraphs, *supra*, as though stated *verbatim* below.

32.     Based on information and belief, Defendant Fulton at all times relevant to this action was an independent professional that provided property appraisal and evaluation services for homeowner damage claims.

33.     Defendant USAA retained Defendant Fulton to inspect and appraise Plaintiffs' home after the reported roof damage.

34.     Defendant Fulton accepted the assignment and indeed came to Plaintiffs' home to evaluate and appraise the damage.

35.     By accepting to carry out the evaluative assignment on Plaintiffs' home that would be used, among other things, to determine the nature, extent, and cause of damage to Plaintiffs' home, Defendant Fulton voluntarily assumed a duty of care to Plaintiffs.

36.     In performing his professional duty, Fulton was negligent in that he departed from the professionally expected standards of care when he deliberately falsified his final

findings to report that the roof damage to Plaintiffs' home, although clearly caused by the wind, was somehow a result of a pre-existing condition to the home.

37.     In doing so, Defendant Fulton breached his professional duties of care to Plaintiffs.

38.     As a proximate result of Defendant Fulton's breach of duty of care, Plaintiffs have suffered damages as alleged herein.

### EXEMPLARY AND PUNITIVE DAMAGES
### (AS TO CLAIMS IN # I, III, IV)

39.     Plaintiffs hereby incorporate all the preceding paragraphs, *supra*, as though stated *verbatim* below.

40.     The acts and omissions by Defendant as set forth in the preceding paragraphs in this Petition demonstrate that Defendant was engaged in conduct and/or practices evincing malice and/or reckless indifference to Plaintiffs' rights.

41.     As a direct result of Defendant's malice and/or reckless disregard for Plaintiffs' rights, Plaintiffs are entitled to exemplary and punitive damages in an amount to be determined at trial commensurate with the financial resources available to Defendant and sufficient to deter others similarly situated from like behavior.

42.     In accordance with Okla. Stat. tit. 12 §19.1, Plaintiff has consulted with a qualified expert who has submitted an Affidavit, which is attached hereto as Exhibit "A".

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray the Court grant judgment in favor of Plaintiffs and against Defendant for the causes of action alleged herein in an amount in excess of $75,000, exemplary and punitive damages, attorney's fees, costs, pre and post judgment interest, and for such further relief as the Court deems just and proper.

Respectfully submitted,

RICHARDSON, RICHARDSON, BOUDREAUX

Raymond S. Allred, OBA #11747
Mbilike M. Mwafulirwa, OBA #31164
7447 S. Lewis Ave.
Tulsa, Oklahoma 74136
(918) 492-7674 T
(918) 493-192  F
*Attorneys for Plaintiffs*

## AFFIDAVIT OF MARK POLLACK

State of Arkansas      )
                       )ss.
County of Pulaski      )

1.      I am an insurance adjuster licensed in the State of Oklahoma. My non-resident License Number is 74455.

2.      I am familiar with the standards of conduct, rules, regulations and laws of an insurance adjuster/appraiser who operate in the state of Oklahoma during 2015.

3.      I have reviewed records from Sue and Lance Hightower (Hightower), USAA Insurance Company (USAA), ALLCAT Appraisal Service's appraiser/adjuster Thomas Fulton (Fulton), Lawrence Forensic Engineering, and roofing inspection reports from Ronco Construction & Supply Co., Dun-Rite Roofing, Inc., Impact Roofing of Oklahoma, LLC, and 918 Construction.

4.      In October of 2015, Hightower's residence suffered damages as a result of a windstorm. Hightower submitted a claim to USAA, who in turn retained the services of Fulton to inspect the residence.

5.      Fulton submitted information to USAA which lead to USAA only partially indemnifying Hightower for the damages caused by the windstorm. The information Fulton provided also lead to a declination of other damages by USAA that should have been paid

6.      Hightower obtained the opinion of four firms in Oklahoma who are in the business of repairing and replacing roofs, all of whom submitted estimates to replace the entire roof on the Hightower residence.

7.      Fulton's behavior is not consistent with the degree of skill and care, diligence, prudence and foresight which would reasonably and ordinarily be expected from an experienced insurance professional engaged in the activities as noted above in my opinion.

FURTHER AFFIANT SAYETH NOT.

_Mark L. Pollack_

Mark L. Pollack, CPCU, AIC, RPA, License 74455

Subscribed and sworn to before me this **6** day of April, 2016.

_Patricia M. Pollack_

Notary

My Commission Expires:



PLAINTIFF'S
EXHIBIT
**A**





## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

LANCE W. HIGHTOWER,       )
SUE HIGHTOWER,            )
                         )
v.                       )
                         )
            Plaintiffs,   )      Case No. CJ-2016-01412
                         )      Judge Sellers
USAA CASUALTY INSURANCE CO.;  )
and THOMAS A. FULTON, Independent  )
Appraiser,               )
                         )
            Defendants.   )

**DISTRICT COURT**
# FILED

MAY – 4 2016

**SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY**

### ORIGINAL SUMMONS

To the above-named Defendant:       **USAA CASUALTY INSURANCE COMPANY**

         You have been sued by the above-named Plaintiff(s), and you are directed to file a written Answer to the attached Petition in the court at the above address within **twenty (20) days** after service of this Summons upon you exclusive of the day of service.   Within the same time, a copy of your Answer must be delivered or mailed to the Attorney for the Plaintiff(s).   Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this _____ 13 _____ day of _____ 4 _____ 2016.

                                   Court Clerk

                         By _____

                                   Deputy Court Clerk

(Seal)

This Summons and order was served on _____ 4/29/16 – Certified mail _____.
                                         (date of service)

                         _____
                         Signature of person serving Summons

         *YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.   SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMITED STATED IN THIS SUMMONS.*

         **Return ORIGINAL for filing.**

**Exhibit 3**

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

LANCE W. HIGHTOWER,         )
SUE HIGHTOWER,            )
                                    )
v.                              )
                                    )
                    Plaintiffs,    )   Case No. CJ-2016-01412
                                  )   Judge Sellers
USAA CASUALTY INSURANCE CO.;   )
and THOMAS A. FULTON, Independent   )
Appraiser,                           )
                                  )
                    Defendants.   )

## AFFIDAVIT AND RETURN OF SERVICE BY CERTIFIED MAIL

STATE OF OKLAHOMA      )
                           )ss.
COUNTY OF TULSA        )

    I, **Raymond S. Allred**, of lawful age, being first duly sworn, on oath state that on the 29th day of April, 2016, I served via Certified Mail, Return Receipt Requested, Receipt Number 7012 3460 0002 7435 4758, from the City of Tulsa, Oklahoma, the attached *Amended Petition*, in the above-entitled and numbered action to the following person to-wit:

USAA Casualty Insurance Co.
c/o Insurance Commissioner
State of Oklahoma
Five Corporation Plaza
3625 NW 56th Street
#100
Oklahoma City, OK 73112-4511

    FURTHER AFFIANT SAYETH NOT.

                                                **Raymond S. Allred, OBA #11747**

Subscribed and sworn to before me this 3rd day of May, 2016.
Notary: _____, Linda G. Large
My Commission Expires: November 1, 2016


LINDA G. LARGE
Notary Public in and for
State of Oklahoma
TULSA COUNTY
Commission#00017289

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

7012 3460 0002 7435 4758

| | | |
|---|---|---|
| Postage | $ | Hightower USAA Service 4/26/16 |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To: Insurance Commissioner
Street, Apt. No., or PO Box No.: State of Oklahoma
City, State, ZIP+4: Five Corp. Plaza. 3625 NW 56th St.

PS Form 3800, August 2006 — See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Insurance Commissioner
State of Oklahoma
Five Corporate Plaza
3625 NW 56th Str, #100
Oklahoma City, OK 73112-4511

9590 9402 1315 5285 7824 16

2. Article Number (Transfer from service label)
7012 3460 0002 7435 4758

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature ☐ Agent ☐ Addressee
X

B. Received by (Printed Name) RECEIVED APR 2 9 2016 C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

RECEIVED
OKLAHOMA INSURANCE DEPARTMENT
APR 27 2016
MAILROOM

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☒ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 — Domestic Return Receipt

**GOVERNOR**
**MARY FALLIN**



**INSURANCE COMMISSIONER**
**JOHN D. DOAK**

**INSURANCE COMMISSIONER**
**State of Oklahoma**

April    28, 2016

**CERTIFIED MAIL NO:**
**7015 3010 0001 4736 5092**

*COPY*

USAA CASUALTY INSURANCE COMPANY
9800 FREDERICKSBURG ROAD, D-3-W
SAN ANTONIO    TX   78288

RE:  CJ1601412
     In the District Court in TULSA
     State of Oklahoma
     LANCE W. HIGHTOWER, SUE HIGHTOWER
          vs
     USAA CASUALTY INSURANCE COMPANY

**RECEIVED** MAY 0 2 2016

Dear Sir or Madam:

Enclosed is a copy of the above captioned summons
served on the Insurance Commissioner as designated agent
for service of process of foreign insurance companies doing
business in the State of Oklahoma (36 O.S. section 621(B)).

Sincerely,

JOHN DOAK
Insurance Commissioner

*Maria Torres*

Maria Torres          Legal Department

dp/enclosure

THE CORPORATION COMPANY
1833 SOUTH MORGAN ROAD
OKLAHOMA CITY    OK   73128

**CERTIFIED MAIL NO:**
**7015 3010 0001 4736 5108**

FIVE CORPORATE PLAZA, 3625 N.W. 56th STREET, SUITE 100 • OKLAHOMA CITY, OKLAHOMA 73112-4511
(405) 521-2828 • TOLL FREE (IN STATE) 1-800-522-0071





## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

LANCE W. HIGHTOWER,     )
SUE HIGHTOWER,     )
    )
v.    )
    )
    Plaintiffs,    )    Case No. CJ-2016-01412
    )    Judge Sellers
USAA CASUALTY INSURANCE CO.;    )
and THOMAS A. FULTON, Independent    )
Appraiser,    )
    )
    Defendants.    )

**DISTRICT COURT**
# FILED
MAY -4 2016

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## ORIGINAL SUMMONS

To the above-named Defendant:    **Thomas Fulton, Independent Appraiser**

You have been sued by the above-named Plaintiff(s), and you are directed to file a written Answer to the attached Petition in the court at the above address within **twenty (20) days** after service of this Summons upon you exclusive of the day of service.    Within the same time, a copy of your Answer must be delivered or mailed to the Attorney for the Plaintiff(s).    Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this ___13___ day of ___4___ 2016.

Court Clerk

By    _____

Deputy Court Clerk

(Seal)

This Summons and order was served on ___4/29/16 - Certified mail___.
        (date of service)

_____
Signature of person serving Summons

*YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.    SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMITED STATED IN THIS SUMMONS.*

**Return ORIGINAL for filing.**

**Exhibit 4**

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

LANCE W. HIGHTOWER,    )
SUE HIGHTOWER,    )
    )
v.    )
    )
        Plaintiffs,    )   Case No. CJ-2016-01412
    )   Judge Sellers
USAA CASUALTY INSURANCE CO.;    )
and THOMAS A. FULTON, Independent    )
Appraiser,    )
    )
        Defendants.    )

### AFFIDAVIT AND RETURN OF SERVICE BY CERTIFIED MAIL

STATE OF OKLAHOMA    )
    )ss.
COUNTY OF TULSA    )

    I, **Raymond S. Allred**, of lawful age, being first duly sworn, on oath state that on the 29th day of April, 2016, I served via Certified Mail, Return Receipt Requested, Receipt Number 7015 1529 9993 4172 7618, from the City of Tulsa, Oklahoma, the attached *Amended Petition*, in the above-entitled and numbered action to the following person to-wit:

Thomas Fulton
12503 S. Birch Avenue
Jenks, OK 74037

    FURTHER AFFIANT SAYETH NOT.

**Raymond S. Allred, OBA #11747**

Subscribed and sworn to before me this 3rd day of May, 2016.
Notary: _____, Linda G. Large
My Commission Expires: November 1, 2016
---SEAL---

LINDA G. LARGE
Notary Public in and for
State of Oklahoma
TULSA COUNTY
Commission #00017289

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

7015 1520 0003 4172 7618

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

2nd

Postmark
Here

4/26/16
amended

Sent To   Thomas Fulton
Street and Apt No., or PO Box No   12503 S Birch ave
City, State, ZIP+4®   Jenks OK 74037

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

---

**COMPLETE THIS SECTION**

e items 1, 2, and 3.
r name and address on the reverse
e can return the card to you.
iis card to the back of the mailpiece,
rfront if space permits.

ressed to:

nas fulton
03 S Birchave
ls, OK 74037

9402 1315 5285 7823 48

L5 1520 0003 4172 7618

11, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Patricia Fulton            ☐ Agent
                             ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
  (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

LLL                          Domestic Return Receipt

OCIS Case Summary for CJ-2016-1412- HIGHTOWER, LANCE W v. USAA CASUAL...   Page 1 of 4

# OSCN
## THE OKLAHOMA STATE COURTS NETWORK
*www.oscn.net*

Home   Courts   Court Dockets   Legal Research   Calendar   Help

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| LANCE W HIGHTOWER,<br>    Plaintiff, and<br>SUE I HIGHTOWER,<br>    Plaintiff,<br><br>v.<br>USAA CASUALTY INSURANCE CO,<br>    Defendant, and<br>THOMAS A FULTON,<br>    Defendant. | No. CJ-2016-1412<br>(Civil relief more than $10,000:<br>BREACH OF AGREEMENT - CONTRACT)<br><br>Filed: 04/12/2016<br><br>Judge: Sellers, Jefferson D. |

## Parties

FULTON, THOMAS A , Defendant
HIGHTOWER, LANCE W , Plaintiff
HIGHTOWER, SUE I , Plaintiff
USAA CASUALTY INSURANCE CO , Defendant

## Attorneys

**Attorney**
ALLRED, RAYMOND S(Bar # 11747)
7447 S LEWIS AVE
TULSA, OK 74136

**Represented Parties**
HIGHTOWER, LANCE W
HIGHTOWER, SUE I

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|

## Issues

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Exhibit 5**

**Issue # 1.**

|  | Issue: BREACH OF AGREEMENT - CONTRACT (CONTRACT) |
|  | Filed by: HIGHTOWER, LANCE W |
|  | Filed Date: 04/12/2016 |

**Party Name:**                                    **Disposition Information:**

**Defendant:** USAA CASUALTY             Pending.
INSURANCE CO

**Defendant:** FULTON, THOMAS A          Pending.

**Issue # 2.**

|  | Issue: BREACH OF AGREEMENT - CONTRACT (CONTRACT) |
|  | Filed by: HIGHTOWER, SUE I |
|  | Filed Date: 04/12/2016 |

**Party Name:**                                    **Disposition Information:**

**Defendant:** USAA CASUALTY             Pending.
INSURANCE CO

**Defendant:** FULTON, THOMAS A          Pending.

## Docket

| Date | Code | Count | Party | Serial # | Entry Date | | |
|---|---|---|---|---|---|---|---|
| 04-12-2016 | TEXT | 1 | | 97279994 | Apr 12 2016 4:06:08:840PM | - | $ 0.00 |
| | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | | | | |
| 04-12-2016 | CONTRACT | - | | 97279997 | Apr 12 2016 4:06:08:930PM | Realized | $ 0.00 |
| | BREACH OF AGREEMENT - CONTRACT | | | | | | |
| 04-12-2016 | DMFE | - | | 97279998 | Apr 12 2016 4:06:08:940PM | Realized | $ 2.00 |
| | DISPUTE MEDIATION FEE($ 2.00) | | | | | | |
| 04-12-2016 | PFE1 | - | | 97279999 | Apr 12 2016 4:12:46:010PM | Realized | $ 163.00 |
| | PETITION($ 163.00) | | | | | | |
| | 📄 *Document Available (#1032761688)* | | | | | | |
| 04-12-2016 | PFE7 | - | | 97280000 | Apr 12 2016 4:06:08:940PM | Realized | $ 6.00 |
| | LAW LIBRARY FEE($ 6.00) | | | | | | |
| 04-12-2016 | OCISR | - | | 97280001 | Apr 12 2016 4:06:08:940PM | Realized | $ 25.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00) | | | | | | |
| 04-12-2016 | OCJC | - | | 97280002 | Apr 12 2016 4:06:08:940PM | Realized | $ 1.55 |
| | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND($ 1.55) | | | | | | |
| 04-12-2016 | OCASA | - | | 97280003 | Apr 12 2016 4:06:08:940PM | Realized | $ 5.00 |
| | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES($ 5.00) | | | | | | |

OCIS Case Summary for CJ-2016-1412- HIGHTOWER, LANCE W v. USAA CASUAL...   Page 3 of 4

| Date | Code | Count | Party | Serial # | Entry Date | | |
|------|------|-------|-------|----------|-----------|---|---|
| 04-12-2016 | SSFCHSCPC | - | | 97280004 | Apr 12 2016 4:06:08:940PM | Realized | $ 0.00 |
| | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | | | | |
| 04-12-2016 | CCADMINCSF | - | | 97280005 | Apr 12 2016 4:06:08:940PM | Realized | $ 0.00 |
| | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | | | | |
| 04-12-2016 | CCADMIN0155 | - | | 97280006 | Apr 12 2016 4:06:08:940PM | Realized | $ 0.16 |
| | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION($ 0.16) | | | | | | |
| 04-12-2016 | SJFIS | - | | 97280007 | Apr 12 2016 4:06:08:940PM | Realized | $ 0.45 |
| | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES($ 0.45) | | | | | | |
| 04-12-2016 | CCADMIN04 | - | | 97280008 | Apr 12 2016 4:06:08:940PM | Realized | $ 0.50 |
| | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS($ 0.50) | | | | | | |
| 04-12-2016 | LTF | - | | 97280009 | Apr 12 2016 4:06:09:100PM | Realized | $ 10.00 |
| | LENGTHY TRIAL FUND($ 10.00) | | | | | | |
| 04-12-2016 | TEXT | - | | 97279995 | Apr 12 2016 4:06:08:860PM | - | $ 0.00 |
| | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE SELLERS, JEFFERSON D. TO THIS CASE. | | | | | | |
| 04-12-2016 | ACCOUNT | - | | 97280027 | Apr 12 2016 4:07:11:950PM | - | $ 0.00 |
| | RECEIPT # 2016-3309100 ON 04/12/2016. PAYOR:RICHARDSON RICHARDSON TOTAL AMOUNT PAID: $213.66. LINE ITEMS: CJ-2016-1412: $163.00 ON AC01 CLERK FEES. CJ-2016-1412: $6.00 ON AC23 LAW LIBRARY FEE. CJ-2016-1412: $0.66 ON AC31 COURT CLERK REVOLVING FUND. CJ-2016-1412: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES. CJ-2016-1412: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND. CJ-2016-1412: $2.00 ON AC64 DISPUTE MEDIATION FEES. CJ-2016-1412: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS. CJ-2016-1412: $25.00 ON AC79 OCIS REVOLVING FUND. CJ-2016-1412: $10.00 ON AC81 LENGTHY TRIAL FUND. | | | | | | |
| 04-13-2016 | SMF | - | | 97296265 | Apr 13 2016 4:24:24:913PM | Realized | $ 10.00 |
| | SUMMONS FEE-2($ 10.00) | | | | | | |
| 04-13-2016 | SMIMA | - | | 97296272 | Apr 13 2016 4:24:40:133PM | - | $ 0.00 |
| | SUMMONS ISSUED - MAILED BY ATTORNEY-2 | | | | | | |
| 04-13-2016 | ACCOUNT | - | | 97296297 | Apr 13 2016 4:25:15:123PM | - | $ 0.00 |
| | RECEIPT # 2016-3309905 ON 04/13/2016. PAYOR:RICHARDSON RICHARDSON TOTAL AMOUNT PAID: $10.00. LINE ITEMS: CJ-2016-1412: $10.00 ON AC01 CLERK FEES. | | | | | | |

OCIS Case Summary for CJ-2016-1412- HIGHTOWER, LANCE W v. USAA CASUAL...   Page 4 of 4

| Date | Code | Count | Party | Serial # | Entry Date | | |
|------|------|-------|-------|----------|------------|---|---|
| 04-25-2016 | AMP | - | HIGHTOWER, LANCE W | 97421452 | Apr 26 2016 9:03:57:993AM | - | $ 0.00 |

AMENDED PETITION

📄 *Document Available (#1033117391)*

| Date | Code | Count | Party | Serial # | Entry Date | | |
|------|------|-------|-------|----------|------------|---|---|
| 05-04-2016 | S | - | USAA CASUALTY INSURANCE CO | 97525376 | May 5 2016 9:11:59:723AM | - | $ 0.00 |

PARTY HAS BEEN SUCCESSFULLY SERVED. USAA CASUALTY INSURANCE COMPANY SERVED / CERT MAIL / STAMPED RECEIVED BY OK INSURANCE DEPT / DEL ON 4-27-16

📄 *Document Available (#1033160739)*

| Date | Code | Count | Party | Serial # | Entry Date | | |
|------|------|-------|-------|----------|------------|---|---|
| 05-04-2016 | S | - | FULTON, THOMAS A | 97525407 | May 5 2016 9:12:43:893AM | - | $ 0.00 |

PARTY HAS BEEN SUCCESSFULLY SERVED. THOMAS FULTON SERVED / CERT MAIL / SIGNED BY PATRICIA FULTON / NO DEL DATE

📄 *Document Available (#1033160735)*

Report Generated by The Oklahoma Court Information System at May 16, 2016 9:23 AM

End of Transmission.

PAGE    1
MAIL-GENR-I



# HOMEOWNERS POLICY PACKET

EFFECTIVE: 09-27-14 TO: 09-27-15

SUSAN I HIGHTOWER
4811 S 192ND EAST AVE
TULSA OK 74134-7218

CIC     01129 99 95     93A

## IMPORTANT MESSAGES

Refer to your Declarations Page and endorsements to verify that coverages, limits, deductibles and other policy details are correct and meet your insurance needs.  Required information forms are also enclosed for your review.

1) USAA considers many factors when determining your premium.  Maintaining your property to reduce the probability of loss is one of the most important steps you can take toward reducing premium increases.  A history of claim activity will affect your policy premium.

2) Go to usaa.com to view policy coverages and home features.

3) Your policy does NOT cover loss due to flood from any source. For information about obtaining flood coverage from the National Flood Insurance Program (NFIP), call USAA at (800) 531-8722, or contact the NFIP directly.

   If you already have a flood policy, you should review it to make sure you have the appropriate coverage and limits. No automatic increases or adjustments are applied to your policy. Coverage for loss of household contents due to flood may be available at an additional cost. If you have questions, please call a member service representative at the phone number above.

This is not a bill.  Any premium charge or return for this policy will be reflected on your next regular monthly statement.
**To receive this document and others electronically or view your policy summary online, go to usaa.com.**
For U.S. Calls: Policy Service (800) 531-8111.  Claims (800) 531-8222.
HOCS1

49709-0406
**Exhibit 6**

THIS PAGE INTENTIONALLY LEFT BLANK



USAA  CASUALTY  INSURANCE  COMPANY

**9800 Fredericksburg Road · San Antonio, Texas 78288**
RENEWAL  DECLARATIONS  PAGE

Named Insured and Residence Premises

SUSAN I HIGHTOWER AND LANCE W HIGHTOWER

4811 S 192ND EAST AVE
TULSA, TULSA, OK  74134-7218

Policy Number

CIC    01129 99 95  93A

Policy Period From: 09/27/14    To: 09/27/15
(12:01 A.M. standard time at location of the residence premises)

| SECTION I - COVERAGES AND AMOUNTS OF INSURANCE | |
|---|---|
| COVERAGE A - DWELLING PROTECTION | $199,000 |
| COVERAGE B - OTHER STRUCTURES PROTECTION | $49,750 |
| COVERAGE C - PERSONAL PROPERTY PROTECTION | $149,250 |
| COVERAGE D - LOSS OF USE PROTECTION (UP TO 12 MONTHS) | UNLIMITED |

**SECTION II - COVERAGES AND LIMITS OF LIABILITY**

| | |
|---|---|
| Personal Liability – Each Occurrence | $300,000 |
| Medical Payments to Others | $5,000 |

**DEDUCTIBLES (Applies to SECTION I Coverages ONLY)**
           We cover only that part of the loss over the deductible stated.

| | | |
|---|---|---|
| WIND AND HAIL | $1,990 | (1%) |
| ALL OTHER PERILS | $1,000 | |

| POLICY PREMIUM for Section I and Section II Coverages Above | $1,158.19 |
|---|---|

**CREDITS AND DISCOUNTS** (Included in policy premium above.)   $1,000.93 CR
   Details on the following page. (If applicable)

**OTHER COVERAGES AND ENDORSEMENTS**                                 $130.67

   Forms and Endorsements are printed on the following page.

**STATE SURCHARGES AND TAXES** (Shown below if applicable)

**TOTAL POLICY PREMIUM**
   Including Credits, Discounts, Optional Coverages, Endorsements, State Surcharges and Taxes
                                                          $1,288.86

PREMIUM DUE AT INCEPTION. THIS IS NOT A BILL. STATEMENT TO FOLLOW.

**FIRST MORTGAGEE:**
PHH MORTGAGE SERVICES
(DEPT 8722)
ISA/ATIMA, ATTN: INSURANCE DEPT
PO BOX 5954, SPRINGFIELD, OH  45501-5954

LOAN NR    0045658184

In witness whereof, this policy is signed on  07/28/14

Steven Alan Bennett, Secretary          Kevin Bergner, President

**REFER TO YOUR POLICY FOR OTHER COVERAGES, LIMITS AND EXCLUSIONS.**

HO-D1 (07-08)          ATTACH THIS DECLARATION TO PREVIOUS POLICY          87028-0708

PAGE 4

**USAA**®

USAA CASUALTY INSURANCE COMPANY
RENEWAL DECLARATIONS PAGE

| | **Policy Number** | | **Policy Term:** | 09/27/14 | 09/27/15 |
|---|---|---|---|---|---|
| CIC | 01129 99 95 | 93A | | Inception | Expiration |

POLICY AND ENDORSEMENTS THAT ARE PART OF YOUR CONTRACT WITH US.

REMAIN IN EFFECT (Refer to prior Policy Packet(s) for documents not attached.):

```
        QR9CIC      (07-08)  QUICK REFERENCE-PREFERRED PROTECTION
        HO-9R(02)   (07-08)  PREFERRED PROTECTION PLAN
        HO-ACP      (07-12)  AMENDMENT TO CONTRACT PROVISIONS
        HO-OK       (07-08)  OKLAHOMA SPECIAL PROVISIONS
        HOSLS9(02)  (07-08)  SPECIAL LOSS SETTLEMENT
        HO-208      (07-12)  WATER BACKUP OR SUMP PUMP OVERFLOW
ADDED:
        HO-370      (07-08)  EARTHQUAKE                         $130.67
```

YOUR PREMIUM HAS BEEN REDUCED BY THE FOLLOWING CREDITS AND DISCOUNTS:

```
    AUTO AND HOME COMBINATION DISCOUNT       $143.21 CR
    CLAIMS FREE DISCOUNT                     $143.21 CR
    HOME AGE DISCOUNT                        $714.51 CR
```

HO-D2 (07-08)                    07/28/14

87029-0708

PAGE    5
CIC     01129 99 95       93A

HO-370 (07-08)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EARTHQUAKE**

For an additional premium, we insure for direct physical loss to property covered under SECTION I—PROPERTY WE COVER of the policy to which this endorsement is attached caused by earthquake including land shock waves or tremors before, during or after a volcanic eruption.

One or more earthquake shocks that occur within a seventy—two hour period shall constitute a single earthquake.

The amounts of insurance for earthquake coverage are the same as the amounts of insurance applying to SECTION I—PROPERTY WE COVER in the policy to which this endorsement is attached.

**DEDUCTIBLE**

The following deductible provision applies to any loss covered by this endorsement and, in that respect replaces any deductible provision in the policy to which this endorsement is attached:

We will pay only that part of the loss which exceeds 10    % of the amount of insurance for Coverage A - DWELLING.

This deductible will apply separately to each single earthquake.

If any other endorsement attached to this policy allows you to make claim for an additional amount above the amount of insurance shown on the policy Declarations, the combined total will be used to calculate the deductible amount.

This deductible does not apply to Coverage D Loss of Use Protection.

**SPECIAL EXCLUSION**

We do not cover loss resulting directly or indirectly from flood of any nature or tidal wave, whether caused by, resulting from, contributed to or aggravated by earthquake.

Except as specifically modified in this endorsement, all provisions to the policy to which this endorsement is attached also apply to this endorsement.

**Term Premium**        $130.67

Copyright, USAA, 2008. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc., with its permission.

87048—0708
Page 1 of 1

HO-370 (07-08)

PAGE   6
CIC      01129 99 95      93A

## WORKERS' COMPENSATION NOTICE

Most states now require employers to carry Workers' Compensation coverage for their employees. In a number of states this coverage applies to household workers, gardeners and even baby−sitters. The employer usually becomes liable to the employee for the protection after the employee has earned a certain minimum salary or worked a certain minimum number of hours per week/per quarter. You should consult the appropriate agency below for the requirements in your state.

We do not write Workers' Compensation in your state. Your current policy does not provide Medical Payments or Liability coverage for injury to an employee who is or is supposed to be covered by Workers' Compensation. This should not alarm you, however, since Workers' Compensation coverage can be obtained separately from another company or agency. Contact the department listed below for guidance in purchasing your Workers' Compensation coverage.

**REMEMBER,** you do not have to give up your present insurance with us in order to purchase Workers' Compensation coverage from another source.

**ALASKA**
Workmen's Compensation Division
Department of Labor
P.O. Box 25512
Juneau, AK  99802−5512

**COLORADO**
Workers' Compensation Section
Division of Labor
1120 Lincoln St., 14th Floor
Denver, CO  80203

**CONNECTICUT**
Workers' Compensation Commission
1890 Dixwell Avenue
Hamden, CT  06514

**DELAWARE**
Industrial Accident Board
State Office Building, 6th Floor
820 North French Street
Wilmington, DE  19801

**DISTRICT OF COLUMBIA**
DC Department of Employment Services
Labor Standards Bureau
Office of Workers' Compensation
64 New York Avenue, NE, 2nd floor
Washington, DC 20002

**HAWAII**
Disability Compensation Division
Department of Labor and Industrial Relations
P.O. Box 3769
Honolulu, HI  96812

**IOWA**
Division of Industrial Services, Department of
Employment Services
1000 E. Grand Avenue
Des Moines, IA 50319

**KANSAS**
Division of Workers' Compensation
Department of Human Resources
600 Merchants Bank Tower
800 SW Jackson
Topeka, KS 66612−1227

**KENTUCKY**
Department of Workers' Claims
Perimeter Park West
1270 Louisville Rd, Building C
Frankfort, KY 40601

**MARYLAND**
Workers' Compensation Commission
6 North Liberty Street
Baltimore, MD 21201

**MASSACHUSETTS**
Department of Industrial Accidents
600 Washington St., 7th Floor
Boston, MA 02111

**MICHIGAN**
Bureau of Workers' Disability Compensation
Department of Labor
P.O. Box 30016
201 North Washington Square
Lansing, MI 48909

**MINNESOTA***
Workers' Compensation Division
Department of Labor and Industry
443 Lafayette Road
St. Paul, MN. 55155

**OHIO**
Workers' Compensation Board
30 West Spring Street
Columbus, OH 43266-0581

**OKLAHOMA**
Oklahoma Workers' Compensation Court
1915 N. Stiles
Oklahoma City, OK 73105

**SOUTH CAROLINA**
Workers' Compensation Commission
1612 Marion St.
P.O. Box 1715
Columbia, SC 29202

**SOUTH DAKOTA**
Division of Labor and Management
Department of Labor
Kneip Building, Third Floor
700 Govenors Drive
Pierre, SD 57501-2277

**UTAH**
Industrial Commission
160 East 300 South
Salt Lake City, UT 84111

\*   BE ADVISED that your policy only applies to injuries received by employees excluded from coverage by the Workers' Compensation statutes under Minn. Stat. 176.041, Subd. 1. You may be liable for any claims or expenses occurring outside of the Coverage of this policy. As an employer you may be subject to liability for lost wages, medical payments, rehabilitation for work related injuries, as well as additional amounts in penalties if workers' compensation coverage is required and no policy has been obtained. Also you may be penalized up to $1,000 per week per employee for any period of non-insurance pursuant to Minn. Stat. 176.181, Subd. 3.

### Your Home Characteristics

Our mission at USAA is to help protect your financial security. One way we do this is by helping you determine if you're adequately covered in the event of a loss. We can calculate the minimum rebuilding cost of your home based on your home characteristics, but only you can decide if this is enough coverage. Our estimates are based on average construction costs and labor costs for geographic areas and may not reflect the unique features of your home or the area you live in.

On the back of this page, you'll find your home characteristics. If any of the information is incorrect, the rebuilding cost may be affected, so please revise any inaccuracies by:

* Logging on to usaa.com, selecting your policy and then Home Characteristics, or
* Calling us at 1-800-531-USAA (8722).

**Should I adjust the coverage on my flood or wind policy?**
If you have a separate flood or wind policy for this property, please call your agent or insurer to confirm that your coverage is adequate. For flood or wind policies serviced by the USAA Insurance Agency, please call 1-800-531-8444 for flood policies or 1-800-531-8883 for wind policies. Wind coverage is available in Alabama, Florida, North Carolina, South Carolina, Texas and Mississippi.

LAST PAGE   9
CIC    01129 99 95      93A

### Your Home Characteristics

YEAR BUILT: 2007
STORIES: 1.0
*SQUARE FEET: 1818

*Total Square Footage: Includes garage square footage if there is living space that is heated or cooled above the garage. It does not include a finished basement or attic.

FOUNDATION(S): SLAB
EXTERIOR WALL: BRICK OVER FRAME
VINYL SIDING
ROOF COVERING: ASPHALT/FIBERGLASS SHINGLE
YEAR ROOF INSTALLED: 2007
GARAGE TYPE: ATTACHED GARAGE - 2 CAR

INTERIOR WALL PARTITIONS: DRYWALL
INTERIOR WALL COVERINGS: PAINT
FLOOR COVERINGS: CARPET (STANDARD) WALL TO WALL
CERAMIC TILE
KITCHEN: 1 STANDARD
BATHROOMS: 1 STANDARD; 1 CUSTOM
FIREPLACE: NONE
HEAT & AIR: HEATING - GAS
CENTRAL AIR CONDITIONING - SAME DUCT

WIRED FOR CENTRAL ALARM: NO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)  LANCE W. HIGHTOWER and<br>(2)  SUE I. HIGHTOWER,<br><br>                                Plaintiffs,<br><br>v.<br><br>(1)  USAA  CASUALTY  INSURANCE<br>      CO. and<br>(2)  THOMAS A. FULTON, Independent<br>      Appraiser,<br><br>                              Defendants. | Case No. _____<br><br>*Removed from the District Court of<br>Tulsa County, State of Oklahoma,<br>Case No. CJ-2016-01412* |

## DECLARATION OF JODI W. DISHMAN

I, Jodi W. Dishman, declare as follows based on personal knowledge:

1.　　I am an attorney with McAfee & Taft and am one of the attorneys for Defendant USAA Casualty Insurance Company ("USAA CIC") in the above-entitled cause of action.

2.　　I am familiar with USAA CIC through my representation of USAA CIC.

3.　　USAA CIC is a corporation incorporated in Texas with its principal place of business in San Antonio, Texas.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 16th day of May, 2016.

<div style="margin-left:50%">

*s/ Jodi W. Dishman*
Jodi W. Dishman, OBA # 20677
McAfee & Taft A Professional Corporation
211 North Robinson, 10th Floor
Oklahoma City, OK  73102
Telephone:　(405) 235-9621
Facsimile:　(405) 235-0439
E-mail:　　jodi.dishman@mcafeetaft.com

ATTORNEY FOR DEFENDANT USAA
CASUALTY INSURANCE COMPANY

</div>

**Exhibit 7**

NAIC Consumer Information Source                                      https://eapps.naic.org/cis/companySearch.do



NAIC HOME | CIPR | NEWSROOM | ABOUT | CONTACTS | HELP

**STATES & JURISDICTION MAP** | **COMMITTEES & ACTIVITIES** | **MARKETS/INVESTMENT ANALYSIS** | **MEMBERS & REGULATORS**

**Consumer Information Source**                    COMPANY SEARCH    HOW TO FILE A COMPLAINT    HELP

**Company Search Results:**
Your search matched the companies displayed below. **Please be aware that an insurance company may have different subsidiaries with different names. Please check your policy for the correct name.** Click the links in the 'Available Information' to view closed consumer complaints, financial information and/or insurance writing information for a company. Click **here** to contact us if you were unable to find a company using the CIS Company Search.

Company Search Help

**Available Information**

**Company:** USAA Cas Ins Co          Closed Complaints
**Business Type:** Property and Casualty   Licensing
**Home Office:** TX                    Financial Information
**NAIC#:** 25968

All of the search results have been returned.

**Company Search for Complaint and Financial Information**

**Company Name or Company Code**
*
USAA Casualty Insurance (

**Business Type:**
All

[ Find a Company ]

*Global Receivership Information Database*
**GRID** is a voluntary database provided by the state insurance departments to report information on insurer receiverships for consumers, claimants, and guaranty funds.

eapps.prod.03

    

HOME | CAREERS | STAFFNET | CONTACTS | HELP | LINK AGREEMENT | COPYRIGHT & REPRINTS | PRIVACY | SITE MAP

**NAIC PROGRAMS AND AFFILIATES: INSURE U | NIPR | SERFF | SBS | IIPRC**

Copyright 1991 - 2016 National Association of Insurance Commissioners. All rights reserved.
SM Insure U and Stop. Call. Confirm are registered service marks of the National Association of Insurance Commissioners.

**Exhibit 8**

5/13/2016 5:49 PM