# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) LANCE W. HIGHTOWER and** | ) | |
| **(2) SUE I. HIGHTOWER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 16-CV-274-JED-FHM** |
| **v.** | ) | |
| | ) | |
| **(1) USAA CASUALTY INSURANCE** | ) | |
| **CO., and** | ) | |
| **(2) THOMAS A. FULTON,** | ) | |
| **Independent Appraiser,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court are defendant Thomas A. Fulton's Motion to Dismiss and Brief in Support (Doc. 9) and defendant USAA Casualty Insurance Company's Partial Motion to Dismiss and Brief in Support (Doc. 10). Plaintiffs have opposed both motions. (Docs. 15, 16).

## I.     Background

Plaintiffs purchased a home insurance policy underwritten by defendant USAA Casualty Insurance Co. ("USAA CIC"). Plaintiffs allege that they promptly submitted a claim under the policy after their home incurred wind and roof damage in October 2015. USAA CIC retained defendant Thomas Fulton to inspect and appraise plaintiffs' home to evaluate the damage. (Doc. 2, Exh. 3 at 18-25).

Plaintiffs filed this lawsuit in the Tulsa County District Court on April 12, 2016. (Doc. 2, Exh. 2). Plaintiffs' Amended Petition alleges claims of bad faith, breach of contract, and intentional infliction of emotional distress against defendant USAA CIC and a claim of negligence against defendant Fulton, due to USAA CIC's alleged refusal to pay plaintiffs the "proper amount." (Doc. 2, Exh. 3 at 18-25). Plaintiffs' Amended Petition attaches as an exhibit

the affidavit of their expert, Mark Pollack, a licensed insurance adjuster. (*Id.* at 25). Defendants timely removed the action to this Court on May 16, 2016. (Doc. 2).

## II.     Legal Standard

In considering a Rule 12(b)(6) dismissal motion, a court must determine whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require "a short and plain statement of the claim to show that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The standard does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555-56, 570 (citations omitted). The *Twombly* pleading standard is applicable to all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

## III.     Discussion

### A.  Defendant Thomas A. Fulton's Motion to Dismiss and Brief in Support (Doc. 9)

Plaintiffs have asserted one negligence claim against defendant Fulton. Plaintiffs' Amended Petition alleges that defendant Fulton was "negligent in that he departed from the professionally expected standards of care when he deliberately falsified his final findings to

report that the roof damage to Plaintiffs' home, although clearly caused by the wind, was somehow a result of a pre-existing condition to the home."  (Doc. 2, Exh. 3, at ¶ 36).

Defendant Fulton's Motion argues that plaintiffs have failed to state a negligence claim against him under Fed. R. Civ. P. 12(b)(6) because Oklahoma law does not recognize claims of negligence against independent insurance adjusters, as set forth in *Trinity Baptist Church v. Brotherhood Mutual Insurance Services, LLC*, 341 P.3d 75 (Okla. 2014).  (Doc. 9 at 3-4).  In response, plaintiffs assert that *Trinity Baptist* does not foreclose their negligence claim because their Amended Petition alleges that defendant Fulton is an insurance appraiser, not an insurance adjuster.  (Doc. 17 at 2-3).  Plaintiffs further challenge the Court's subject-matter jurisdiction over this case, on the ground that there is no diversity of jurisdiction because a negligence claim may be brought against defendant Fulton.[1]  (*Id.* at 3).  In his Reply, defendant Fulton contends that his Motion should be granted because the reasoning set forth in *Trinity Baptist* applies regardless of his status as an insurance adjuster or an insurance appraiser.   (Doc. 17 at 1-2).  In the alternative, defendant Fulton argues that plaintiffs' Amended Complaint falsely alleges that he is an "independent appraiser" instead of an "independent adjuster."  (*Id.* at 4-5).

The Court concludes that plaintiffs may not assert a negligence claim against defendant Fulton based on the reasoning set forth in *Trinity Baptist*.  There, the Oklahoma Supreme Court adopted the majority view that "an insured cannot maintain a separate tort action for negligence against an independent insurance adjuster hired by the insurer because the independent adjuster owes the insured no duty of care." *Trinity Baptist*, 341 P.3d at 83.  From a policy standpoint, the court reasoned that "it makes little sense to hold that the adjuster has an independent duty when

---

[1] There appears to be no dispute that defendant Fulton is an Oklahoma resident.  Defendants' Notice of Removal asserts that diversity of citizenship should be assessed solely between plaintiffs and defendant USAA CIC because defendant Fulton was fraudulently joined.  (Doc. 2 at 3-4).

the insurer itself is subject to liability for the adjuster's mishandling of claims in actions alleging breach of contract and bad faith." *Id.* at 86.  The court cautioned that imposing a legal duty upon an independent adjuster could potentially allow a plaintiff "double recovery," *i.e.*, recovery from both the adjuster and the insurance company on the basis of the adjuster's conduct.  *Id.*

At the outset, the Court notes that plaintiffs' assertion that defendant Fulton is not an insurance adjuster is inconsistent with the affidavit of plaintiffs' expert, which states that defendant Fulton was defendant USAA CIC's "appraiser/adjuster."[2]   Nonetheless, the Court agrees with defendant Fulton that it is irrelevant whether he is an insurance appraiser or an insurance adjuster because the reasoning in *Trinity Baptist*, although it pertained to an independent insurance adjuster, is broadly worded and the same policy concerns are applicable here. Specifically, given the existence of USAA CIC's legal duty to plaintiffs, it would be fundamentally unfair to permit plaintiffs to potentially recover from both defendants USAA CIC and Fulton for defendant Fulton's allegedly negligent conduct.  *See Trinity Baptist*, 341 P.3d at 86.

The Court's conclusion is further supported by the fact that the adjuster in *Trinity Baptist* and defendant Fulton functioned in essentially identical capacities.  Both were third parties retained by insurance companies to assist in the evaluation of an insured's claim.  Both were also sued for their conduct in handling the insurance claim.  Specifically, the plaintiff in *Trinity Baptist* alleged the adjuster's "handling and investigation" of the insurance claim was negligent. *Id.* at 78.  In this case, plaintiffs allege that defendant Fulton was negligent in his evaluation and reporting of their insurance claim.  Thus, the reasoning supporting the Oklahoma Supreme

---

[2]  The affidavit was submitted as an exhibit to plaintiffs' Amended Petition.  (Doc. 2, Exh. 3, at 25).  The Court may look to the affidavit because "[a] written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal." *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991).

Court's conclusion in *Trinity Baptist* applies with equal force to this case.[3]   Accordingly, the Court finds that it would be inconsistent with Oklahoma law to impose a duty of care on defendant Fulton.

Plaintiffs have thus failed to allege a cognizable claim of negligence against defendant Fulton.  Defendant Thomas A. Fulton's Motion to Dismiss and Brief in Support (Doc. 9) is hereby **granted** and Thomas Fulton is dismissed as a party in this matter.  Given the Court's ruling, plaintiffs' challenge to this Court's subject-matter jurisdiction is no longer at issue.

**B.  Defendant USAA Casualty Insurance Company's Partial Motion to Dismiss and Brief in Support (Doc. 10)**

USAA CIC's Motion seeks dismissal of plaintiffs' claims of bad faith and intentional infliction of emotional distress pursuant to Fed. R. Civ. P. 12(b)(6).  Specifically, USAA CIC argues that plaintiffs' "generic allegations" fail to satisfy the pleading standard articulated by *Twombly* and *Iqbal*.  Plaintiffs' Response challenges the Court's subject-matter jurisdiction of the case because there is no diversity of citizenship, and also argues that the Amended Petition satisfies the dismissal standard.  (Doc. 16 at 1).

As an initial matter, the Court previously rejected plaintiffs' argument regarding subject matter jurisdiction given the Court's dismissal of Thomas Fulton as a defendant in this case.

---

[3] The Court's conclusion is consistent with *Wallace v. Allstate Ins. Co.*, 2012 WL 2060664 (W.D. Okla. June 7, 2012), a pre-*Trinity Baptist* decision concluding that "the Oklahoma Supreme Court would follow the majority view and not impose a duty on independent insurance adjusters that would subject them to negligence actions by insureds as the result of an allegedly mishandled claim." *Id.* at *1.  The Oklahoma Supreme Court later agreed with the outcome in *Wallace*. *Trinity Baptist*, 341 P.3d  at 85 ("[T]he *Wallace* court is correct that public policy and other factors besides foreseeability counsel against imposing a legal duty to the insured with regards to negligence.").

Thus, the Court will evaluate plaintiffs' claims of bad faith and intentional infliction of emotional distress under the Fed. R. Civ. P. 12(b)(6) standard.

### 1. Bad faith

A prima facie case against an insurance company for a bad faith delay in payment requires plaintiffs to establish the following:

> (1) [The] claimant was entitled to coverage under the insurance policy at issue; (2) the insurer had no reasonable basis for delaying payment; (3) the insurer did not deal fairly and in good faith with the claimant; and (4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the claimant's injury. The absence of any one of these elements defeats a bad faith claim.

*Beers v. Hillory*, 241 P.3d 285, 292 (Okla. Ct. Civ. App. 2010) (internal citations omitted).

Plaintiffs allege that USAA CIC's conduct amounts to bad faith because it "unreasonably delayed in investigating and processing the claim, without just cause, unduly and unreasonably failed to settle and pay in full a valid claim under the policy." (Doc. 2, Exh. 3, ¶ 18). Plaintiffs further assert that USAA CIC's "failure to pay and/or refusal to pay had no reasonable basis and/or the amount offered to Plaintiffs was unreasonably low," and that defendant "did not deal fairly and in good faith with Plaintiffs." (*Id.*, ¶¶ 19-20). These allegations are largely a recitation of the elements required for a bad faith insurance claim. The Court can find no fact alleged by plaintiffs other than defendant USAA CIC's failure to pay the full amount to which they allege they were entitled. Under *Twombly* and *Iqbal*, these allegations are insufficient to state a plausible claim for relief under the standard.

Plaintiffs' conclusory allegations are similar to those alleged in *Scheffler v. Am. Republic Ins. Co.*, 2012 WL 602187 (N.D. Okla. Feb. 23, 2012), where this Court determined that the plaintiff's bad faith insurance claim failed to satisfy the heightened pleading standard. This Court likewise noted the absence of any facts aside from the insurance company's alleged failure

to pay proceeds under the policy.  The Court reasoned that the plaintiff "should at least have knowledge of certain details that she could properly plead to satisfy the plausibility requirement," such as the date the claim was filed, the information sent to the insurance company in support of the claim, the communications that took place with the insurance company, the basis for the insurance company's decision, and why the plaintiff believed the basis to be unreasonable.  *Id.* at *3.  The same facts, which the plaintiffs in this case presumably should have knowledge about, are also absent from their Amended Petition.  Although plaintiffs contend that they, unlike the plaintiff in *Scheffler*, have "gone to some length to articulate why it is that USAA's conduct is unreasonable under the circumstances" (Doc. 16 at 9), plaintiffs neglect to identify any such purported allegations.   It is thus clear that plaintiffs have failed to state a plausible bad faith insurance claim.

### 2.   Intentional infliction of emotional distress

Oklahoma law requires a plaintiff's intentional infliction of emotional distress claim to allege conduct by the defendant that "has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Breeden v. League Servs. Corp.*, 575 P.2d 1374, 1377-78 (Okla. 1978) (quoting Restatement (Second) of Torts, § 46, cmt. d).  The plaintiff must also demonstrate that he suffered distress "of such character that 'no reasonable person could be expected to endure it.'" *Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 721 (10th Cir. 2000) (quoting *Daemi v. Church's Fried Chicken, Inc.*, 931 F.2d 1379, 1389 (10th Cir. 1991)).

Plaintiffs have alleged the following with respect to their intentional infliction of emotional distress claim: that defendant USAA CIC's conduct "was so extreme and outrageous as to go beyond all possible bounds of decency and would be considered utterly intolerable in a

civilized society," and that USAA CIC "intentionally and/or recklessly caused severe emotional distress to Plaintiff beyond which a reasonable person expected to endure."  (Doc. 2, Exh. 3, ¶¶ 27-28).   Alternatively, plaintiffs allege that defendant USAA CIC's bad faith caused them "emotional distress."  (*Id.*, ¶ 29).

Plaintiffs' allegations are merely a formulaic recitation of the elements required for a claim of intentional infliction of emotional distress, and cannot defeat dismissal.  First, plaintiffs have failed to allege any particular conduct on USAA CIC's part that was utterly intolerable or beyond the bounds of decency.  Put simply, plaintiffs' claim that USAA CIC failed to pay them the full amount under their insurance policy does not rise to the level of extreme conduct required under Oklahoma law.  Second, plaintiffs have not set forth any details regarding their mental or emotional state as a result of USAA CIC's conduct.  As a result, the Court is unable to conclude that there are sufficient facts showing that plaintiffs' distress was so severe such that no reasonable person could be expected to endure it.  Consequently, the Court finds that plaintiffs have also failed to allege facts to support the necessary elements of an intentional infliction of emotional distress claim.  Moreover, where "a plaintiff bases his claim for intentional infliction of emotional distress upon the same allegations as his failed claim for bad faith, the claim fails as a matter of law."  *Robbins Motorsports, L.L.C. v. Nat'l Fire & Marine Ins. Co.*, 2011 WL 2174911, at *4 (E.D. Okla. June 3, 2011) (dismissing plaintiff's intentional infliction of emotional distress claim against insurance company).

Defendant USAA Casualty Insurance Company's Partial Motion to Dismiss and Brief in Support (Doc. 10) is thus **granted**.

**IV.    Conclusion**

For the reasons stated herein, defendant Thomas A. Fulton's Motion to Dismiss and Brief in Support (Doc. 9) and defendant USAA Casualty Insurance Company's Partial Motion to Dismiss and Brief in Support (Doc. 10) are **granted**.

SO ORDERED this 7th day of April, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE